## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**REAL ESTATE MORTGAGE NETWORK,
INC., a New Jersey corporation,**

       **Plaintiff,**

**v.**                            **Case No.  8:11-cv-474-T-30AEP**

**CHARLES W. CADRECHA, II, an
individual; EOS LENDING SERVICES,
LLC, a Florida corporation; OIG TITLE &
ESCROW, LLC, a Florida corporation;
THOMAS A. ROCHA, an individual; and
DOES 1-50, inclusive,**

       **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Cadrecha and OIG Title &
Escrow, LLC's Joint Motion to Dismiss (Dkt. 27) and Plaintiff's Response in opposition
(Dkt. 30).  The Court, having reviewed the motion, response, and being otherwise advised
in the premises, concludes that the motion to dismiss should be granted.

## BACKGROUND

This case stems from Defendants' alleged misconduct of submitting appraisal reports
to Plaintiff that misrepresented or inflated the value of twelve properties used to secure real
estate loans.  Plaintiff Real Estate Mortgage Network, Inc. ("REMN") funds residential
mortgage loans.  Defendant EOS Lending Services, LLC ("EOS") brokers residential

mortgage loans.  Defendant OIG Title & Escrow, LLC ("OIG") provides title and escrow services in connection with residential mortgage loan transactions.  Defendant Charles W. Cadrecha, II was a managing member of EOS and OIG and Defendant Thomas A. Rocha was a managing member of EOS.

Plaintiff alleges that "upon information and belief" each Defendant was the agent, representative, servant, employee, principal, joint-venturer and/or representative of each of the remaining Defendants.  Specifically, Cadrecha and Rocha, in their individual capacities and through their manipulation and total dominance of EOS and OIG, were the architects of a fraudulent scheme to induce Plaintiff to fund twelve loans by using falsified appraisals or inflated appraisals on the properties securing the loans.

Plaintiff's first amended complaint asserts eight claims against Defendants: count one alleges a breach of contract claim against EOS only; count two alleges negligence against all Defendants;  count three alleges negligent misrepresentation against all Defendants; count four alleges fraudulent misrepresentation against all Defendants; count five alleges "alter-ego liability" against all Defendants; count six alleges unjust enrichment against all Defendants; count seven alleges a breach of fiduciary duty against OIG only; and count eight alleges that Cadrecha and Rocha engaged in a civil conspiracy.

EOS and Rocha filed an answer to the amended complaint.  Cadrecha and OIG filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6) based on the amended complaint's failure to state any claim upon which relief can be granted.

## **DISCUSSION**

Cadrecha and OIG argue in their joint motion to dismiss that the amended complaint alleges various legal conclusions that are not entitled to the presumption of truth. Rather than discuss why each count does not state a claim against them specifically, the motion vaguely references some of the amended complaint's allegations and disputes the truth or "plausibility" of the allegations.

Importantly, at this stage, the Court must assume the truth of the allegations. However, upon the Court's review of the amended complaint, the Court concludes that the amended complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure because it is an impermissible shotgun pleading.

A "shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts ( *i.e.,* all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1333 (11th Cir. 1998). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996). As a result, shotgun pleadings are routinely condemned by the Eleventh Circuit. *See, e .g., Pelletier v. Zweifel,* 921 F.2d 1465, 1518 (11th Cir. 1991) ("Anyone schooled in the law who read these [shotgun pleading] complaints ... [ ] would know that many of the facts alleged could not possibly be material to all of the

counts. Consequently, [the opposing party] and the district court [have] to sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed.").

Here, it would be tedious for the Court to determine the veracity of the claims against Cadrecha and OIG because each count incorporates the preceding paragraphs. Accordingly, Plaintiff must replead its complaint to comply with the Eleventh Circuit's case law on shotgun pleadings.

Additionally, the claims should not refer generally to "Defendants." Lumping the Defendants together in this manner makes it impossible for the Defendants to be placed on notice as to what allegations specifically apply to their actions or misconduct. For example, the claims of negligent misrepresentation, fraudulent misrepresentation, and unjust enrichment (counts three, four, and six, respectively) do not include even one allegation of individual behavior.

In sum, "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson,* 77 F.3d at 367. Accordingly, although Cadrecha and OIG's motion to dismiss focuses on the implausibility of Plaintiff's allegations, the Court, upon its own review of the amended complaint, concludes that it must be amended.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendants Cadrecha and OIG Title & Escrow, LLC's Joint Motion to Dismiss

(Dkt. 27) is GRANTED to the extent set forth herein.

2.      Plaintiff shall replead its complaint within fourteen (14) days from the date of

this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-474.mtdismiss27.frm