**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**REAL ESTATE MORTGAGE NETWORK,**
**INC., a New Jersey corporation,**

    Plaintiff,

v.                                      Case No.  8:11-cv-474-T-30AEP

**CHARLES W. CADRECHA, II, an**
**individual; EOS LENDING SERVICES,**
**LLC, a Florida corporation; OIG TITLE &**
**ESCROW, LLC, a Florida limited liability**
**company; THOMAS A. ROCHA, an**
**individual; and DOES 1-50, inclusive,**

    Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Summary Judgment on Defendant EOS Lending, LLC's Liability for Breach of Contract (Dkt. 47), Defendant EOS Lending, LLC's Response (Dkt. 58), and Plaintiff's Reply (Dkt. 61).  The Court, having reviewed the motion, response, reply, and being otherwise advised of the premises, concludes that the motion should be granted.

**BACKGROUND**

This case stems from Defendants' alleged misconduct of submitting appraisal reports to Plaintiff that misrepresented or inflated the value of twelve properties used to secure real estate loans.  Plaintiff Real Estate Mortgage Network, Inc. ("REMN") funds residential

mortgage loans. Defendant EOS Lending Services, LLC ("EOS") brokers residential mortgage loans. Defendant OIG Title & Escrow, LLC ("OIG") provides title and escrow services in connection with residential mortgage loan transactions. Defendant Charles W. Cadrecha, II was a managing member of EOS and OIG and Defendant Thomas A. Rocha was a managing member of EOS.

This case is at issue upon REMN's motion for partial summary judgment on EOS's liability for breach of contract. The record reflects that REMN and EOS entered into two successive and substantially identical broker agreements, dated January 7, 2010 and June 18, 2010 (the "Broker Agreements"). The record reflects that EOS breached the Broker Agreements by brokering twelve loans to REMN, which did not comply with the representations and warranties set forth in the Broker Agreements. The record reflects that EOS breached the Broker Agreements by: submitting loan packages to REMN that did not conform in all respects to the terms, conditions, representations, warranties, and covenants set forth in the Broker Agreements; submitting appraisal reports that contained untrue statements of material fact; submitting loan packages to REMN that were not in full compliance with all pertinent requirements and warranties; failing to promptly alert REMN to the appraisal reports' untrue statements of material fact, despite EOS's actual and/or constructive knowledge of such facts; submitting the subject loans to REMN for funding which did not contain true, correct, and valid information; and submitting appraisal reports which had not been signed by a qualified duly licensed appraiser, which did not satisfy

applicable agency requirements, and which were not performed in accordance with industry standards.

The record also reflects that REMN fully complied with its contractual obligations as set forth in the Broker Agreements.

Finally, the record reflects that EOS's breach of the Broker Agreements resulted in damages to REMN.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original).  The substantive law applicable to the claimed causes of action will identify which facts are material.  *Id.*  Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor.  *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the

nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

The record reflects that REMN is entitled to partial summary judgment on its breach of contract claim against EOS as to EOS's liability. Curiously, EOS's four-page response cites to not even one shred of evidence to demonstrate a genuine issue of fact with respect to its liability. Rather, EOS merely argues that the Court should deny REMN's motion because REMN's motion relies on Florida law, not New Jersey law, and the Broker Agreements contain language that they should be construed under New Jersey law.

EOS's argument is flawed: as REMN notes in its reply brief, the record reflects that EOS is liable for breach of contract as a matter of law even if the Court were to apply New Jersey law because the elements of a breach of contract claim are substantially identical under New Jersey and Florida law. That is, in order to prove a breach of contract claim under New Jersey and Florida law, a plaintiff must prove a contract, material breach, plaintiff's performance of its obligations under the contract, and damages.[1] *See Video Pipeline Inc. v. Buena Vista Home Entm't, Inc.*, 275 F. Supp. 2d 543, 566 (D.N.J. 2003); *compare APR Energy, LLC v. Pakistan Power Resources, LLC*, 653 F. Supp. 2d 1227, 1232 (M.D. Fla. 2009).

In sum, the record, through the Affidavit of Philip A. Schild and the exhibits attached thereto, is undisputed that EOS materially breached the Broker Agreements and REMN was damaged as a result. And EOS does not point to any record evidence that would raise a genuine issue of material fact.

Finally, EOS's affirmative defenses also do not raise a genuine issue of material fact as to REMN's entitlement to partial summary judgment on the breach of contract claim because EOS does not rely on any record evidence in support of these purported defenses.

---

[1] Notably, the Court does not make a determination as to which state law applies at this stage. However, to the extent that EOS is arguing that this Court is an improper venue and/or forum to resolve this dispute, EOS has long since waived this defense.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment on Defendant EOS Lending, LLC's Liability for Breach of Contract (Dkt. 47) is GRANTED.

**DONE** and **ORDERED** in Tampa, Florida on April 30, 2012.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-474.mtpartsumjudg47.frm